Wadsworth v. Murray.

---

WADSWORTH and others *vs.* MURRAY and others.

The section of the revised statutes declaring that every devise of any interest in real estate to a person who, at the death of the testator, shall be an alien not authorized by statute to hold real estate, shall be void, and that the interest so devised shall descend to the heirs of the testator, is confined to a particular class of persons, and relates to their condition at the death of the testator. It does not apply to those who are born aliens, after his death.

Therefore, where a testator devised lands to his daughter, for life and to her issue in fee, and she, after his death, married an alien, and died leaving a son, born an alien: *Held,* that such son took the estate, under the devise, as against the testator's heirs at law, subject to the right of the government by escheat.

THIS was an appeal from a judgment rendered at a special term. A petition was filed by James S. Wadsworth, individually, and Martin Brimmer, jun., Philo C. Fuller and James S. Wadsworth, trustees for Martin Brimmer, jun. against Charles James Murray, an infant, and William A. Wadsworth, Livingston Wadsworth and Herbert Wadsworth, infant children of William W. Wadsworth, deceased, praying that a complete and final determination of the rights and interests of the parties in the premises described in the petition might be had, and a partition thereof be made accordingly. The defendant, Charles J. Murray, put in an answer by John C. Spencer, his special guardian, and the other infants answered by their special guardian, Scott Lord. The cause came on to be tried at the Livingston circuit, in May, 1853, before Justice Selden, a jury having been waived by the parties.

It was proved, that James Wadsworth, late of Geneseo, de-

ceased, was, in his lifetime possessed and seised in fee of the lands and tenements described in the petition : that the said James Wadsworth, on the 25th of November, 1843, made his last will and testament in the manner required by law to pass real estate, and that he having died his said will was duly proved before the surrogate of the county of Livingston as a will of real estate, on the 9th of September, 1844. The said will was produced on the trial, and among other things, contained the devises, directions and trusts following, that is to say : that one moiety, or half part of all the real estate, of which the said James Wadsworth should die seised or possessed in the towns of Geneseo and Avon not otherwise specifically devised, was devised to James S. Wadsworth, absolutely in fee, and the other half or moiety of the said lands and real estate in the said towns of Geneseo and Avon, was devised absolutely in fee to William W. Wadsworth, a son of the said James. And by the said will a tract of one hundred and fifty acres of land in the said town of Geneseo with the mansion house thereon, known as the homestead of the said James Wadsworth, was devised to his daughter, Elizabeth Wadsworth, for life, with the remainder in fee to her brothers, the said James S. and William W. Wadsworth, or to such one of them as should survive the said Elizabeth. And by the said will all the residue of the real estate of which the said James Wadsworth died seised, remaining after the aforesaid devise of the lands in the towns of Geneseo and Avon, was devised and disposed of as follows : One equal fourth part thereof to the said James S. Wadsworth, absolutely in fee, one equal fourth part thereof to the said William W. Wadsworth, absolutely in fee, one fourth part thereof to Martin Brimmer, of the city of Boston, and the said James S. Wadsworth and William W. Wadsworth, and to their successors lawfully appointed, so long as the said Elizabeth Wadsworth should live, in trust to receive the rents and profits thereof, and to pay the same to the said Elizabeth annually during her life, and her receipts, whether married or unmarried, were declared by the said will to be a sufficient voucher for such payments, with remainder in fee to the issue of the said Elizabeth surviving her, and in case of

no such issue, then to the heirs at law of the said James Wadsworth. And one fourth part of the said residue to the said Martin Brimmer, James S. Wadsworth and William W. Wadsworth, and to their successors in office, as long as Martin Brimmer, jun. should live, in trust, to receive the rents, profits and income thereof, until the said Martin Brimmer, jun. should attain the age of twenty-one years, and to invest the same for the benefit of the said Martin Brimmer, jun.; and to hold the same on the like terms as therein declared in relation to the said Elizabeth Wadsworth; and, on his arriving at the age of twenty-one years, to pay to the said Martin Brimmer, jun. annually, the rents, profits, and income of the real estate so devised, and of the accumulations thereof before he attained the age of twenty-one years, with remainder in fee to the issue of the said Martin Brimmer, jun. surviving him, if any; and if none, then to the heirs at law of the said James Wadsworth. The said will contained no residuary devise of any part of his real estate. It was proved that Martin Brimmer, named in the said will as a trustee, died on or about the first day of May, in the year 1847, and that no successor to him, as such trustee, had been appointed. That on the 15th day of April, 1848, by an order of the then court of chancery of this state, William W. Wadsworth, also named in the said will as a trustee, was removed and discharged from the said trust; and that afterwards, Philo C. Fuller, one of the plaintiffs and petitioners, was duly appointed in his place, and duly qualified for and accepted the said appointment, as stated in the said complaint. That proceedings were had for the partition of the lands and premises so devised by the said James Wadsworth, among and between the devisees; and that one fourth part of the said premises were divided and set apart to the said William W. Wadsworth, in severalty, and the remaining three fourths thereof were apportioned and set off to the said James S. Wadsworth individually; and the said James S. Wadsworth and Philo C. Fuller, as trustees for the said Elizabeth Wadsworth, then married to Charles Augustus Murray, and for Martin Brimmer, jun. jointly, by the commissioners duly appointed for that purpose; and that such partition

was duly and fully confirmed and declared firm and effectual for-ever, by the judgment of the supreme court, at a term thereof held at Geneseo, on the second day of September, in the year 1851. That the lands and premises constituting the said three fourths, so set off and apportioned to the said last named par-ties, jointly, were fully and correctly described in schedule A, annexed to the complaint in this action; that the said James S. Wadsworth individually, and the said Philo C. Fuller and James S. Wadsworth as trustees as aforesaid, entered into the posses-sion of the said last mentioned lands and premises, and were in the possession of the same, at the commencement of this action; that on the twelfth day of December, in the year 1850, the said Elizabeth Wadsworth, daughter and devisee of the said James Wadsworth, intermarried, in Scotland, with Charles Augustus Murray, then and now an alien subject of the queen of Great Britain and Ireland; that the said Charles and Elizabeth resided in Europe, and principally at Cairo, Egypt, where the said Charles Augustus was consul general of the government of Great Britain, until her death; that on the twenty-ninth day of No-vember, in the year 1851, the said Elizabeth gave birth to Charles James Murray, one of the defendants, the issue of the said marriage; and that on the eighth day of December, in the same year, the said Elizabeth died, leaving the said Charles James Murray, her surviving, her only issue. That on the four-teenth day of April, 1852, an act was passed by the legislature of the state of New-York, in the manner required by the consti-tution, and approved by the governor, entitled "an act to enable Charles James Murray, an infant alien, to take and hold real estate," by which the interest and title of the people of the state of New-York in and to the lands so devised by the said James Wadsworth, to the issue of his daughter Elizabeth, was released and conveyed to the said Charles James Murray, subject to the conditions therein specified. That on the twenty-second day of July, 1852, the said William W. Wadsworth died, leaving him surviving, his three children, William A. Wadsworth, Livingston Wadsworth, and Herbert Wadsworth, all infants under the age of twenty-one years, and who are defendants in this action, and

are his only heirs at law. That the said three children of the said William W. Wadsworth, deceased, and the said James S. Wadsworth and the said Martin Brimmer, jun. were the only surviving heirs at law of the said James Wadsworth, deceased; and that the said Martin Brimmer, jun. had never been married, and had no lawful issue. And thereupon, the said court decided and determined that by reason of the alienism of the said Charles James Murray, the devises contained in the will of the said James Wadsworth, deceased, to the lawful issue of his daughter Elizabeth, upon her death, failed to take effect; and that the lands and tenements so devised to such issue, and which, by the partition aforesaid, were devided to the trustees therein mentioned, subject to the trusts and declarations in the said will, in favor of the said Elizabeth, during her life, and her lawful issue upon her death, escheated to the people of the state of New-York, and did not descend to the heirs at law of the said James Wadsworth, nor pass to any residuary devisee, there being none such in his will. That the right, title and interest of the people of the state of New-York which had been so acquired by the said escheat, were by the act of the legislature above mentioned, released to and vested in the said defendant, Charles James Murray, and that the said Charles James Murray was seised in fee of one third part of the lands and premises described in the complaint, and thereupon, the said court rendered judgment of partition of the said premises according to the said decision and determination.

The counsel for the said defendants, William A. Wadsworth, Livingston Wadsworth and Herbert Wadsworth, thereupon excepted to the said decision and determination, and requested the judge to decide and determine that by reason of the alienism of the said Charles James Murray upon the death of his mother, the said Elizabeth Wadsworth (Murray,) the lands and premises so devised by the will of the said James Wadsworth to the issue of the said Elizabeth, upon her death, descended to the heirs at law of the said James Wadsworth; and that they, the said William A. Wadsworth, Livingston Wadsworth and Herbert Wadsworth, as the grandchildren of the said James Wadsworth, were

Wadsworth *v.* Murray.

entitled to inherit, and did inherit, by the side of their father, the said William W. Wadsworth, deceased, one third of the said lands and premises so devised, and that in the partition to be made of the said lands and premises, one third part thereof should be ordered and adjudged to be assigned and apportioned to them jointly. The judge refused to make the said decision and determination, and the counsel for the said William A. Wadsworth, Livingston Wadsworth and Herbert Wadsworth, excepted. And from the judgment rendered, they, together with Charles James Murray, appealed.

*Scott Lord*, for the appellants.

*J. C. Spencer*, for the respondents.

*By the Court*, Johnson, J. The question here is whether the lands devised by James Wadsworth to his daughter Elizabeth for life, and to her issue in fee, at her death, descended to the heirs at law of the testator; or whether her son, the defendant, Charles James Murray, who was an infant alien, took under the devise, subject to the right of the government to escheat.

By the common law an alien could purchase land, or hold it by devise, as against all the world except the government, during his life. But upon an inquest of office found it became forfeited to the government. And if he died before such proceeding the inheritance could not descend, but escheated of course. He could also convey, and the grantee took a good title subject, nevertheless, to the prerogative right of forfeiture, (2 *Kent*, 61.) The revised statutes (2 *R. S.* 57, § 4,) provide that "every devise of any interest in real estate to a person, who, at the time of the death of the testator, shall be an alien not authorized by statute to hold real estate, shall be void. The interest so devised shall descend to the heirs of the testator." On behalf of the appellants it is claimed that the real estate at the death of Elizabeth, the mother, descended to the heirs of the testator, under this section of the statute. But the statute is not general in its terms. It is confined to a particular class of

Wadsworth *v.* Murray.

persons, and relates to their condition at a particular period, namely, at the death of the testator. The devise is declared void only as to those who were aliens and not authorized by statute to hold real estate at the period of the testator's death, and not as to those then in being who might subsequently become aliens, or those who might be born such. The mother of the defendant who claims under the devise, married an alien, long after the testator's death, and the respondent is the issue of that marriage. This devise does not fall within the words of the statute, and, it seems to me, is not within its meaning and intent. The object of this section of the statute seems to have been to defeat the intention of the testator in the particular case specified, and to prevent his devising in effect, and unconsciously, his lands to the state, and not to change beyond that, the rule of the common law. Had the legislature designed by this provision to work a complete and entire change, they would scarcely have been so careful and guarded in the terms used. The note of the revisers on this section confirms this view of its object. And as this devisee was not an alien at the period of the testator's death, and it cannot be supposed to have been within the contemplation of the testator that the issue of his daughter would be born or would ever become aliens, it follows that he takes the estate under the devise, as against the testator's heirs at law and all other persons except the government. And as the people have by the act of April 14, 1852, relinquished to said devisee all their rights, his title has become perfect.

The judgment of the special term must therefore be affirmed.

[MONROE GENERAL TERM, December 5, 1853. *Welles, Johnson* and *T. R. Strong*, Justices.]